IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

THOMAS DENISON,
on behalf of himself and others
similarly situated,

     Plaintiff,

vs.                                                                    **COLLECTIVE ACTION**

FIRST FAMILY INSURANCE, INC.,
a Florida Corporation,

     Defendant.

_____/

## COMPLAINT

## INTRODUCTION

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA"), to recover unpaid overtime compensation owed to Plaintiff THOMAS DENISON, and all others similarly situated to him who were formerly or are currently employed as insurance salespersons by Defendant, FIRST FAMILY INSURANCE, INC., (hereinafter, "FIRST FAMILY INSURANCE") in Lee County, Florida.

2.    Pursuant to the FLSA, Plaintiff, on behalf of himself and all others similarly situated to them, seeks unpaid overtime compensation, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendant FIRST FAMILY INSURANCE.

3.    Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendants FIRST FAMILY INSURANCE, and who were paid in a similar manner as Plaintiff, or who

were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4.      This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5.      Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Lee County, Florida and within the Middle District of Florida.

## PARTIES

6.      Plaintiff THOMAS DENISON (hereinafter "Plaintiff" or "DENISON") was, at all material times, a resident of Lee County, Florida and was employed as an insurance sales person by Defendant FIRST FAMILY INSURANCE at offices located in Lee County, Florida, until his separation from employment on January 23, 2020.

7.      At all times material, Plaintiff was an employee of Defendant FIRST FAMILY INSURANCE within the meaning of the FLSA.

8.      At all times material, during Plaintiff's employment with Defendants FIRST FAMILY INSURANCE, Plaintiff was engaged in commerce or in the production of goods for commerce as he handled and sold goods, services and materials that have been moved in or produced for commerce.

9.      At all times material, Defendant FIRST FAMILY INSURANCE is an

enterprise engaged in an industry affecting commerce, and is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the business office where DENISON was employed.

## FACTUAL ALLEGATIONS

10.    The allegations in Paragraphs 1 through 9 are incorporated as if fully stated herein.

11.    Plaintiff is a non-exempt former employee of Defendant FIRST FAMILY INSURANCE who worked as an hourly waged insurance salesperson.

12.    From on or about August 2019 until January 23, 2020, Plaintiff worked more than 40 hours per week during nearly every week of his employment, without being paid the federally mandated wage for overtime. Specifically, Plaintiff was paid a maximum of 40 hours per week, despite the fact that he worked significantly more hours.

13.    Defendants violated the FLSA by failing to pay Plaintiff for overtime hours worked in excess of forty per week at the applicable time and one-half rate.

14.    Defendants have a policy of not paying any overtime compensation to its non-exempt employees.

## LEGAL CLAIMS

## COUNT I (as to Plaintiff and those similarly situated): Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by FIRST FAMILY INSURANCE

15.     The allegations in Paragraphs 1 through 14 are realleged and fully incorporated by reference herein.

16.     By its actions alleged above, Defendant FIRST FAMILY INSURANCE willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

17.     As a result of the unlawful acts of Defendant FIRST FAMILY INSURANCE, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A.     To authorize the issuance of notice at the earliest possible time to all current and former employees who were insurance salespeople and were employed by Defendant FIRST FAMILY INSURANCE, and who were paid for a maximum of 40 hours per week.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt

into this lawsuit if they were not paid overtime wages as required by the FLSA;

B.      To declare that Defendant FIRST FAMILY INSURANCE has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C.      To declare that Defendant FIRST FAMILY INSURANCE's violations of the FLSA were willful;

D.      To award Plaintiff and other similarly situated current and former employees of Defendant FIRST FAMILY INSURANCE adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E.      To award Plaintiff and other similarly situated current and former employees of Defendant FIRST FAMILY INSURANCE liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F.      If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G.      To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H.      To award Plaintiff and other similarly situated current and former employees of Defendant FIRST FAMILY INSURANCE their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, THOMAS DENISON, hereby consent and agree and opt-in to become a Plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.

*/s/Thomas Denison*
Thomas Denison

Dated: February 6, 2020
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff THOMAS DENISON*